UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JULIO CESAR MURILLO-ARCE (1),<br><br>　　　　　　　　　　Defendant. | Case No.: 20-cr-00761-H-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>[Doc. No. 89.] |

On November 27, 2023, Defendant Julio Cesar Murillo-Arce, proceeding pro se, filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821. (Doc. No. 89.) On December 5, 2023, the Court referred Defendant's pro se motion to Federal Defenders pursuant to General Order No. 755 for review and the filing of a status report. (Doc. No. 92.) On January 18, 2024, Federal Defenders filed a status report. (Doc. No. 94.) In the status report, Federal Defenders states: "After review of the relevant records in the defendant's case, [Federal Defenders] concludes the Court can decide the motion on the existing record without further assistance of counsel." (Id.) On February 12, 2024, the Government filed a response in opposition to Defendant's motion to reduce sentence. (Doc. No. 96.) For the reasons set forth below, the Court denies Defendant's motion to reduce sentence.

/ / /

**Background**

On February 26, 2020, the Government filed an indictment charging Defendant with: (Counts 1-2) attempted bringing in illegal aliens and aiding and abetting resulting in death in violation of 8 U.S.C. § 1324(a)(1)(A)(i), (v)(II), and (a)(1)(B)(iv); (Count 3-6) attempted bringing in illegal aliens and aiding and abetting in violation of 8 U.S.C. § 1324(a)(1)(A)(i), (v)(II), and (a)(1)(B)(iv); and (Counts 7-12) attempted bringing in illegal aliens for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). (Doc. No. 18.) On June 16, 2020, Defendant pled guilty before the Magistrate Judge to two counts of attempted bringing in illegal aliens resulting in death (Counts 1-2) and two counts of bringing in illegal aliens for financial gain (Counts 9 and 11) charged in the indictment. (Doc. No. 47.) On June 16, 2020, the Magistrate Judge issued his findings and recommendation, finding that Defendant's plea of guilty was made knowingly and voluntarily; Defendant was competent to enter a plea; and there was a factual basis for Defendant's plea, and recommending that this Court accept Defendant's guilty plea. (Doc. No. 46.) On July 13, 2020, this Court adopted the findings and recommendation of the Magistrate Judge and accepted the Defendant's guilty plea to Counts 1, 2, 9, and 11 of the indictment. (Doc. No. 49.)

On October 5, 2020, the Court held a sentencing hearing. (Doc. No. 73.) At sentencing, the Court calculated Defendant's total offense level as 26 and his criminal history category as III, resulting in a guidelines range of 78 to 97 months. The Court then sentenced Defendant to a custodial term of 78 months followed by three years of supervised release. (Doc. Nos. 73, 74; Doc. No. 85 at 15.) The Court entered a judgment on October 6, 2020. (Doc. No. 74.)

On October 19, 2020, Defendant appealed the Court's judgment to the United States Court of Appeals for the Ninth Circuit. (Doc. No. 77.) On March 15, 2021, the Ninth Circuit granted Defendant's unopposed motion to voluntarily dismiss his appeals, and the Ninth Circuit dismissed the appeals. (Doc. No. 87.) By the present motion, Defendant

moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the recent amendment to U.S.S.G. § 4A1.1.  (Doc. No. 89 at 1.)

## Discussion

### I. Legal Standards

"'"A federal court generally "may not modify a term of imprisonment once it has been imposed."'"  United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (quoting Dillon v. United States, 560 U.S. 817, 819 (2010); 18 U.S.C. § 3582(c)); accord United States v. Tadio, 663 F.3d 1042, 1046 (9th Cir. 2011); see also United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders.").  "But this general rule is subject to several exceptions."  United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021).  One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

District courts must engage in a "two-step inquiry" to determine if a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2).  United States v. Brito, 868 F.3d 875, 879 (9th Cir. 2017) (citing Dillon, 560 U.S. at 826).  "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10."  Id. (citing Dillon, 560 U.S. at 827).  "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'"  Id.  The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'"  Id. (quoting United States v. Dunn, 728 F.3d 1151, 1157 (9th Cir. 2013)).

## II. Analysis

### A. Eligibility for a Sentence Reduction

In his motion, Defendant argues that he is entitled to a sentence reduction based on the recent retroactive amendment to U.S.S.G. § 4A1.1. (Doc. No. 89 at 1.) The Court begins its analysis of Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) with the eligibility prong. "Under the eligibility prong, the district court must 'determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced . . . and shall leave all other guideline application decisions unaffected.'" Brito, 868 F.3d at 880 (quoting U.S.S.G. § 1B1.10(b)(1)).

In its response, the Government "concedes that Defendant is now subject to a lower Guideline range because of the retroactive amendment to U.S.S.G. § 4A1.1(e)." (Doc. No. 96 at 3.) The Government explains:

> At the time of sentencing, U.S.S.G. § 4A1.1(e) called for an additional two criminal history points if the defendant committed the instant offense while under any criminal justice sentence (including probation, parole, supervised release, imprisonment, work release, or escape status). Under the amended and retroactive U.S.S.G. § 4A1.1(e), a defendant that commits an offense while under a criminal justice sentence receives only one additional point, and only if the defendant's prior convictions result in seven or more criminal history points.
>
> Therefore, because Defendant's prior convictions resulted in only two criminal history points (and not the new threshold of seven), he no longer receives the two additional points under the revised U.S.S.G. § 4A1.1(e). As a result, Defendant's Criminal History Category reduces from Category III to Category II, and the resulting advisory Guidelines range . . . is reduced from 78 to 97 months down to 70 to 87 months.

(Id.) See also United States v. Conway, No. 22-CR-00037-DKW, 2024 WL 778146, at *1 (D. Haw. Feb. 26, 2024) ("Amendment 821, which became effective on November 1, 2023, modifies Section 4A1.1(e) of the Sentencing Guidelines to limit 'status points'—that is, points added to the defendant's criminal history calculation if she committed the instant offense while under 'probation, parole, supervised release, imprisonment, work release, or

escape status.' Specifically, under the new Sentencing Guidelines, status points are limited to one point for offenders with seven or more criminal history points, and are eliminated altogether for offenders with six or fewer criminal history points." (citing U.S.S.G. § 4A1.1(e) (2023)).

The Court agrees with the Government's concession and analysis. Had the current version of U.S.S.G. § 4A1.1(e) been in effect at the time of Defendant's sentencing, his guidelines range would have been 70 to 87 months. As such, Defendant's amended guidelines range is 70 to 87 months, and Defendant is eligible for a sentence reduction in light of the retroactive amendment to U.S.S.G. § 4A1.1(e). Nevertheless, the Court must continue to step two of the applicable test to determine is a sentence reduction is appropriate here. See Dillon, 560 U.S. at 826–27; Brito, 868 F.3d at 879.

B.   The § 3553(a) Factors

At step two, the Court must "'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" Brito, 868 F.3d at 879 (citing Dillon, 560 U.S. at 827). The § 3553(a) factors "include, among other things: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable sentence guidelines; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants." United States v. Wright, 46 F.4th 938, 945 n.4 (9th Cir. 2022) (citing 18 U.S.C. § 3553(a)).

The Government contends that a sentence reduction is not warranted here in light of the § 3553(a) factors. The Court agrees.

Defendant's offense resulted in the death of two individuals. As part of his plea agreement, Defendant stipulated to the following factual basis for his offense. On February 3, 2020, Defendant piloted a small vessel from Mexico into U.S. territorial waters near

Imperial Beach, California with six aliens aboard. (Doc. No. 41, Plea Agreement at 3; Doc. No. 63, PSR ¶ 16.) Defendant piloted the vessel in an unsafe manner as he knew the boat had experienced engine trouble the day prior, and he piloted it at a high rate of speed through rough seas. (Doc. No. 41, Plea Agreement at 4; Doc. No. 63, PSR ¶ 17.) As the vessel approached the U.S. shoreline, the vessel's engine malfunctioned, causing it to drive erratically and uncontrollably in circles before the engine stopped working entirely. (Id.) At that point, Defendant jumped off the disabled vessel, leaving the alien passengers to fend for themselves while he swam to shore. (Id.) Subsequently, the vessel capsized, throwing the aliens into the water approximately 150 yards from shore. (Id.) Two of the aliens did not know how to swim and drowned while attempting to reach the shore safely. (Id.) Defendant stated that he was motivated to commit the offense to obtain money for drugs. (Doc. No. 63, PSR ¶ 18.) In addition, Defendant used methamphetamine on the date of his arrest for the present offense. (Id. ¶ 59.)

Defendant's current sentence of 78 months remains appropriate despite his guidelines range reduction in light of the serious nature of his offense, his prior criminal conduct, and the need to protect the public from future potential crimes. Defendant's conduct in this case was reckless and callous. Defendant knew that the boat at issue was having mechanical problems because it has experienced engine problems just the day before the offense. Despite this, Defendant decided to pilot several aliens in that boat over rough seas. Further, when the boat's engine malfunctioned, Defendant immediately jumped off the boat and left the passengers to fend for themselves, leading to two drowning deaths. The circumstances in this case were very tragic, but also one of the more egregious circumstances that the Court has seen in its many years of experience. (See Doc. No. 85 at 15-17.)

Exacerbating the circumstances is that fact that the present offense was not Defendant's first time smuggling aliens into the United States by boat. Defendant has a prior 2019 conviction for smuggling aliens into the United States in the very same manner. (Doc. No. 63, PSR ¶ 38.) Defendant committed the present offense only two months after

being released from custody for his 2019 conviction, (see id. ¶¶ 16, 38), meaning that the 2019 conviction provided no deterrence to Defendant top keep him from engaging in further criminal conduct.

In light of the seriousness of the offense, Defendant's criminal history, the need to promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct, and to product the public from further potential crimes by Defendant, the Court, exercising its sound discretion, concludes that Defendant's current sentence of 78 months remains proper and appropriate.  Further, Defendant's current sentence of 78 months in custody is well within his amended Guidelines range of 70 to 87 months applying the retroactive amendment in U.S.S.G. § 4A1.1(e).  As such, the Court concludes that a sentencing reduction is not warranted here, particularly in light of the underlying criminal conduct and Defendant's prior offense.

## Conclusion

For the reasons above, the Court denies Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2).  The Court orders the Clerk of Court to mail a copy of this order to Defendant at his listed address of record.

**IT IS SO ORDERED.**

DATED: March 8, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT